FRANKLIN,
*April*,
1836.

JULIAS H. RICE *vs.* J. and A. CLARK.

The court have no power, without the consent of the parties, to enlarge a rule of referance.

This cause being referred at a previous term of the county court by a written agreement of reference and the referees having failed to make report at the present term, the defendant now moved that the cause stand for trial in court, contending that the failure of the referees to make report at the present term operated in law to terminate their powers. But the court decided that by force of the agreement the powers of the referees remained, and no sufficient reason being shown to induce the court to discharge them, the cause was ordered to stand for a report at the next term. To which decision the defendants excepted. Exceptions allowed and certified.

*Smalley and Adams and Brown for defendants.*—This cause was refered by the order of court and agreement of parties agreeable to 79th section of the judiciary act. That act after providing for the return and acceptance of the referees goes on to say " if such report shall not be allowed and accepted, or if no report be made as aforesaid, the parties may again refer the cause, or the same shall be open for trial at law as though the same had not been refered.

There is no doubt as to the construction of this act in ordinary cases. If no report is made at the term to which the report *is to be made* then the cause must stand open for trial at law unless the parties at the time otherwise agree. The court have no power further to continue the cause for the report of the referees. The rule to referees can only be enlarged by agreement of parties.

FRANKLIN,
April,
1836.

Rice
vs.
Clark.

This construction has uniformly been given to the statute, and the universal practice has gone upon that ground, which is undoubtedly the true one.

But the case states that by the force of the agreement therein referred to, the powers of the referees remained.

It is contended that nothing contained in the agreement warrants such a construction. It is a simple agreement to refer the cause with other matters therein specified, without any contract to extend the time of trial and report. No words are used to that effect, nor any from which such a construction can be drawn.

The parties are presumed to have made their contract with a view to the existing laws, and the agreement must be construed upon that presumption.

But it is contended that an express agreement that the rule should be enlarged from term to term, would not alter the case. Even then the party might withhold his assent to the enlargement of the rule, and the court would be bound to dismiss the referees. The court might sustain an action on such a contract, and give to the party injured his damages, but have no power to enforce a specific performance. The agreement of parties may be the foundation for the exercise of the legal powers of the court, but can neither enlarge, or restrain, its legitimate authority.

That statute says if no report is made, the parties may again refer the cause, or it *shall* be open for trial. The continuance of the rule must therefore depend upon the present not the past agreement of the parties.

*N. L. Whitmore* and *Foster for plaintiff.*—The submission signed by the parties does not limit the time in which the referees should report ; but unconditionally refers the cause to be heard, tried and determined by the referees, and report thereof to be made to the county court. And by order of court the cause is referred agreeably to the agreement of the parties.

A submission by rule of court is irrevocable, so much so that the plaintiff, unless the rule is discharged or has expired by its own limitation, without being executed, cannot discontinue the action or become non-suit without the consent of the defendant.—7 East. 608.—12 Mass. 47.—2 Vt. R. 493.—Stat. p. 81.

The most favourable construction for the defendants would be, that the referees were bound to report within a reasonable time. And what shall be considered reasonable time must depend upon the circumstances of each particular case, to be decided by the court granting the rule ; from which decision there can be no appeal.

FRANKLIN,
April,
1836.
———
Rico
vs.
Clark.

The denial of the defendant's motion to discharge the rule, or dismiss the referees was the mere exercise of the discretionary powers of the county court over which this court can have no control.—2 Vt. R. 498.

The denial of the defendant's motion to discharge the rule was founded,first, on the construction given to the submission ; secondly the delays of the referees in making a report arose from the continuance had before the referees at the request of defendants ; and thirdly the defendants had consented to proceed with the trial before the referees under the rule, by having the cause on their own motion postponed for trial to the 8th day of June following the April term of the county court in which the motion to discharge the referees was made.

. The statute, page 81, does not make it necessary for referees to report at the first term after the cause is referred. It provides that the referees shall make report to the court, which report shall be allowed and accepted unless sufficient cause be shown to the contrary. " But if such report shall not be allowed and accepted, or no report be made, the parties may again refer the cause, or the same shall be open for trial the same as though the cause had never been referred." This was intended to provide for cases where the referees refused to act again, so that no report could be made, or where the report should be set aside.

But the authority of the referees does not cease on the coming in of their report, as the report is frequently recommitted to them by order of court.—3 Vt. R. 537.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The attention of the court has been confined to a single question. It appears that these parties agreed to submit their controversies to reference, that a rule was entered into probably at the April term of the county court in 1834. The parties had previously agreed to submit the matters to a reference and were to pay the stipulated damages of $500 if either neglected or refused. It is obvious that it was optional with each, whether they were to enter into this rule. They might have refused, and paid the stipulated damages. The court could not have enforced the reference, under the agreement. But this rule was entered into, and was enlarged from September term 1834, to April term 1835, before which term the parties and referees met and a continuance was granted by the referees to a period beyond the next

FRANKLIN,
*April,*
1836.

Rice
*vs.*
Clark.

term of the court. The powers of the referees were limited to render their report to the next term which was in April. It would therefore need the action of the court, either with or without the consent of the parties (if they would act without such consent,) to enlarge the rule so as to continue the powers of the referees to the time to which they adjourned. Nothing therefore can be argued in favor of the proceedings of the county court in this case from the continuance thus granted. It may argue a degree of unfairness, or impropriety on the part of the defendant thus to obtain this continuance and then object to the enlarging the rule. It appears that the defendant at the April term did object to the enlargement of the rule and contended that the failure of the referees to make report at that term, operated in law to terminate their authority in the case. But the court determined that by force of the agreement the powers of the referees remained, and ordered the cause to stand for a report at the then next term. The question now is whether the court had any such power.

No power is given by statute to the court to order a reference. The submission was not made by order of court; but by agreement of parties. The rule in all cases of reference must by statute be made returnable to some term of the court; whether to the next, or whether it may be made returnable to a term beyond the next is not now to be decided. The rule when made determines the extent of the powers of the referees. The court cannot appoint the referees except by an agreement of the parties, nor make the rule returnable at a different term. Every enlargement of the rule is in effect a new reference and requires the same assent of the parties as is required to make the submission in the first instance. The statute is express and peremptory that if no report is made, the parties may again refer the cause, or it shall stand open for trial at law; but does not say that the court may again refer or enlarge the rule. Now although it may be and probably is true here as in Massachusetts, that after a rule of reference is entered into, the party cannot revoke the submission or suffer a non-suit until the term for making the report has expired; it by no means follows that the party is compelled to submit to a new reference; if from any cause he becomes dissatisfied, and prefers a trial at law. The agreement which was entered into by these parties in the first instance was not one which the court was either to examine or enforce. Notwithstanding the agreement, if either withheld their consent, the court could have made no rule, nor could they enlarge or continue it contrary to the wishes of the

FRANKLIN,
April,
1836.

Rice
vs.
Clark.

parties or either of them declared in court. The uniform construction of the statute in this state has been in conformity to the views here expressed. The court have exercised no control over a reference without the consent of the parties.

When the referees have complied with the authority given them and made a report, the courts have sometimes recommitted the same for amendment; but this is only for the purpose of having them do what they intended to do; but never was considered as giving them any new powers, or extending their powers, or authorising any farther hearing of the parties. The report after it is returned, may remain with the court for several terms, for the purpose of determining whether the same shall be accepted ; but the referees can do nothing further when the rule expires by the time limited therein for making the report.

I am aware of the decision in Massachusetts and a still stronger one can be found in some of the earlier reports, where the court on the ground of their practice, enlarged a rule without consent, treating reports of referees as we do reports of auditors. A case of this kind was once presented to the supreme court on a question in relation to the powers of the court to enlarge a rule. The authority however was not considered as applicable to referees in this state and the decision in relation to the power of the court was such as we now make.

The case to which we were referred found in the 9 Wendell 480, *Bloor* vs. *Potter et al.* cannot be considered as any authority in this state. In New York the courts on motion and affidavit that a cause would require the examination of a long account may order a reference, and over such reference they exercise a control ; but when a cause has been referred by consent they disclaim any authority over referees chosen by consent. Believing that the court had no power against the consent of the parties to extend the rule and order the cause to stand for a report at a subsequent term.

The judgment of the county court must be reversed and the cause remanded to county court for trial if any issues of fact are formed or returned here until the pleadings are closed.