WILLIAM BLANCHARD *v.* ROBERT MURRAY.

Blanchard
*v.*
Murray.

In the case of a written submission to three, and, in case one of them could not be procured, to a fourth—held that an award made by the four, in pursuance of an agreement of parties, on the day of trial, was good.

In a declaration on an award, it is not *necessary to set forth the whole* award.

An action of ejectment, and a controversy in relation to the seizin and possession of land, may be submitted to arbitrators.

After a verdict, for plaintiff, in an action upon an award, embracing the fees of the arbitrators, judgment will not be arrested because the declaration does not contain an averment that the plaintiff has paid the arbitrators fees.

ASSUMPSIT on an award, in three counts. In the first count, the plaintiff declared that there had been an action of ejectment commenced by him, against the defendant, to recover the seizin and possession of a certain piece of land ; and that, for the settlement and determination thereof, the parties, on or about the 15th of June, 1840, made an agreement in writing to submit the same to the arbitrament and final determination of Enoch Hebard, Araunah Spear, and Avery Fitts, and if either of them could not be obtained, "they would accept Daniel Child" ; and the plaintiff averred that " said arbitrators undertook the trust and burden of said 'award, and, on the 22nd day of October, 1840, the said 'arbitrators, Enoch Hebard, Araunah Spear, Avery Fitts, and 'Daniel Child, met at said Brookfield, and at the request, and 'mutual wish, of the parties aforesaid, they, each of them, 'then and there fully heard the plaintiff and defendant, on 'all the matters aforesaid ; and thereupon, afterwards, to 'wit, on the 23rd day of October aforesaid, made, published, 'and declared, their award in *writing*, pursuant to said sub-'mission and agreement, whereupon and whereby the said 'arbitrators ordered and awarded, among other things, that 'defendant do give the plaintiff the seizin and peaceable 'possession of said piece of land aforesaid ; and that defen-'dant pay the plaintiff one cent damages and his cost, in and 'about said suit in ejectment, allowed at $15.35, and all the 'cost in and about said arbitration, taxed and allowed at '$9.50, and their fees as arbitrators, taxed at $16.02"— and averring that the defendant had not paid to the plaintiff said sum of money in damages and cost specified in said

award—without an averment that the plaintiff had paid the said fees of the arbitrators.

ORANGE,
March,
1843.

Blanchard
*v.*
Murray.

In the second count, the plaintiff declared simply upon a submission of the said matter in controversy, on the 22nd day of October, 1840, to the award of Enoch Hebard, Araunah Spear, Avery Fitts and Daniel Child, with averments as in the first count, except as to an award of the seizin and possession of the land.

The third count declared on a submission to the award of said arbitrators "to be made and declared on or near the middle of October, 1840."

Plea, the general issue, — trial by jury, and verdict for plaintiff. The defendant moved an arrest of judgment, for the insufficiency of the declaration.

*W. Hebard,* for defendant.

There are three counts in the declaration; and if one count is bad, and a general verdict is taken, the judgment must be arrested. *Walker* v. *Sargent,* 11 Vt. 327. The first count in the declaration is bad, for the following reasons:

1. It alleges that the submission was made "in writing" on or about the 15th day of June, 1840. The submission being in writing, the declaration should allege the precise day.

2. The declaration alleges that the submission was in writing to three, naming them; and in case either of those individuals could not be obtained, another was named as a substitute; and it further alleges that the award was made by *four* "pursuant to said submission." It alleges a fact that is inconsistent, untrue, and impossible. An award made by *four* could not be pursuant to a submission to *three.* An award must be according to the *submission.*

3. The declaration alleges that "*among other things*" the arbitrators awarded, without stating what *other things* were awarded, or whether the *other things* awarded had been performed.

4. The declaration alleges that the arbitrators awarded, *among other things,* to the plaintiff, "the seizin and peaceable *possession of said piece of land.*" In this the arbitrators undertook to do that which they had no power to do.

5. The declaration states that the arbitrators undertook

the trust and burden of said award on the 22nd of October, and that they made their award on the 23rd of October. The declaration should have alleged also, that, by the terms of the submission, they might award on a different day from that on which they had their hearing.

A further objection which applies to all the counts, is, that the plaintiff claims the arbitrators' fees, without averring that he had paid them. Where arbitrators' fees are awarded to be paid by one of the parties, the other party cannot recover them in an action on the award, without actual payment, and that should be averred. *Platt* v. *Smith*, 14 Johns. R. 368.

*J. L. Buck*, for plaintiff.

When the plaintiff has a good cause of action, judgment will not be arrested for a defect in the declaration, merely formal. All such defects are cured by verdict. *Vadakin* v. *Soper*, 1 Aik. 287; *Stilson* v. *Toby*, 2 Mass. R. 521; *Spear* v. *Parker*, 1 T. R. 145; *Spencer* v. *Overton*, 1 Day, 183.

The inquiry then is, whether there is enough contained in the declaration, *in substance*, to show that the plaintiff had a good cause of action. The declaration shows that a dispute had arisen between the parties, and that an action was pending in the county court to settle that dispute; that, for the purpose of settling that suit, the parties agreed to submit the matter in controversy to arbitrators, mutually chosen; that they did submit and have a hearing before the same arbitrators, who made and published their award in writing; that the plaintiff has performed every thing required by the award to be performed by him, and that the defendant has neglected to pay the damages and costs awarded against him. The declaration shows a consideration, a promise, and a breach of that promise. 1 Chit. Pl. 259; 1 Saund. Pl. & Ev. 180.

That the award was made and signed by four cannot vitiate it, for, after verdict, it will be presumed that the parties agreed to submit to, and accept, the award of four instead of three.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — It is correctly stated and admitted by

the counsel in this case, that many objections to a declaration, which would be fatal on a general demurrer, as well as those of which the defendant could avail himself on special demurrer, are cured by a verdict. In the present case, it is not necessary to advert to those cases where this principle is acknowledged, as the objections to this declaration would not have been fatal, on general demurrer.

The declaration is assumpsit on a submission to, and award by, arbitrators. The first count sets forth a written submission to three arbitrators, and in case either of them could not be obtained, a fourth was agreed on ; that, at the meeting, all four attended, and by agreement of parties, the four heard the case, and, in pursuance of the written submission, and the agreement, made the award declared on. We see nothing irregular or illegal in this proceeding on the part of the arbitrators or parties, which should vitiate their award ; and the declaration which counts upon this agreement, does not appear to us to be inconsistent, improbable, or untrue, as averred in the argument. Nor is it necessary, in declaring on an award, to set forth the whole. It is sufficient to set forth that part on which the party relies, and to say that, *among other things,* they made this award. This form appears to be according to established precedents. It is no objection to this award that they awarded to the plaintiff the possession of land. The controversy submitted, was an action of ejectment; and a controversy as to seizin and possession may as well be the subject of arbitration, as any other controversy, whatever doubt may be suggested, as to submitting a question of title to arbitrament. The objections as to setting forth the date of the writing, and, also, as to the time of making the award, have not been relied on in argument.

The second count is upon the same award and submission, with this difference, the submission is not stated to be in writing, but declared on as a submission to four, — and upon that part of the award, only, which relates to the damages and cost, and the arbitrators' fees.

Whether the plaintiff could have recovered on this declaration, for the arbitrators' fees, without an averment that he paid them, or whether he did, in fact, recover for them, are questions which do not arise on the motion in arrest. It is

certain he could not have recovered without proof that he had paid them. The declaration, however, cannot, after a verdict, be adjudged insufficient for want of this averment. The judgment of the county court is, therefore, affirmed.