## PORTUS BAXTER v. OTIS THOMPSON.

*Rule of reference—Motion to discharge, &c.*

Where a case has been referred, and the referees have neglected to report, or where they have reported and the report has been wholly set aside, a motion to discharge the rule of reference, and send the case to the county court for trial, is the proper course.

But the rule of reference cannot be enlarged by order of court merely; if enlarged, it must be by the consent of the parties.

And when the court re-commits a report of referees for amendment, it confers no new power upon the referees, nor does it authorize them to have any farther hearing of the parties. *Rice* v. *Clark*, 8 Vt. 104.

THIS is a motion to discharge the rule of reference, and send the case to the county court, for trial in court. The case had been referred and a report made, a portion of which had been set aside. The report and papers in the case were not sent to the reporter; and are not, perhaps, nesessary to an understanding of the question passed upon by the court.

BY THE COURT. This is a motion to discharge the rule of reference, and send the case to the county court, for trial in court. This is undoubtedly the course, where no report has been made, or where the report has been wholly set aside. In such case, the rule of reference cannot be enlarged, by the order of court merely. It requires the renewed consent of the parties. This is fully decided, in *Rice* v. *Clark*, 8 Vt. 104. But in the same case, it is

XXV.        33

said by WILLIAMS Ch. J., "when referees have complied with their authority, and made report, courts have sometimes re-committed the same for amendment. But this is only for the purpose of having them do what they intended to do ; but never was considered, as giving them any new powers or extending their powers, or authorizing any farther hearing of the parties."

This, it seems to us, is the extent of the control of this court over the case. The case must be regarded as standing in this court, on the report, a portion of which has not been set aside. But the plaintiff is decided to be entitled to judgment for the smaller sum reported. And lest the referees may have been misled, by fixing the plaintiff's damages upon the other alternative, which has been set aside by the court, the case is re-committed to them, to report damages on another basis, if any such was entertained, which seems not very probable, from the other facts already reported by the referees. But as it was possible that the plaintiff might have sustained some additional damage after the defendant abandoned the contract, and before he could well be expected to resume it, that question was referred to the referees, to be answered by them, from the testimony already in the case. After the plaintiff had time to assume the occupancy of the land, I do not myself perceive any state of circumstances, which would entitle him to damages, unless the defendant was a man of peculiar skill in this particular business, and having contracted to do this work and abandoned it, the plaintiff might be entitled to recover the difference between the defendants' skill and that of ordinary skill. We do not consider, that the court have any power to compel the parties to a new trial, in this case; but the case will stand recommitted for this amendment, until the next term, if the plaintiff desires it, or he can now have judgment for the smaller sum ; to which last proposition, the plaintiff acceded.