AZARIAH LAZELL *v.* GEORGE F. HOUGHTON.

*Reference.    Evidence.*

An enlargement of a rule of reference, issued by a justice of the peace in conformity with the 63d sec., chap. XXIX., Comp. Stat., p. 237, cannot be made by the referee, but only by the justice himself with the consent of the parties; and unless the report of the referee is made pursuant to the rule of reference, as originally issued, or regularly enlarged, no judgment can be rendered on it.

Lazell *v.* Houghton.

The mere statement in the referee's report of the enlargement of such a rule of reference is not sufficient evidence that it was regularly enlarged. A record or certificate from the justice to that effect is requisite.

The facts in this case are sufficiently stated in the opinion of the court. The county court, at the April Term, 1859,—ALDIS, J., presiding,—rendered judgment for the plaintiff for the amount reported by the referee as due him, to which the defendant excepted.

The defendant *pro se*, with whom was *J. S. Burt.*

*Peake & Rugg*, for the plaintiff.

KELLOGG, J. The questions presented in this case arise upon a certain rule of reference issued, on the application of the parties, by Alfred Forbes, a justice of the peace of the county of Franklin, and the report thereon made by the referee. From the application made by the parties to the justice to issue the rule of reference, which was in writing and accompanies the referee's report, it appears that on the 14th day of June, 1858, a suit at law was pending before said justice in favor of Lazell as plaintiff against Houghton as defendant, and that on the same day the parties made application to said justice to issue a rule that the subject matter of the said suit be referred agreeably to the statute to Valentine S. Ferris, of Swanton, in said county, as referee, he having been mutually agreed upon as such referee by said parties. The said justice thereupon issued his rule of reference agreeably to the application, and substantially in the form prescribed by the statute ; (Comp. Stat., p. 618, form 27 ) The rule of reference was dated on the same 14th day of June, 1858, and required the report of the referee to be made in writing, and if the matters in demand should not exceed forty dollars, to be returned to the said justice at a place named, in said Swanton, on the 7th day of August, 1858, at ten o'clock in the forenoon, to which time and place the court of the said justice stood adjourned for the purpose of receiving such report and rendering judgment thereon ; but if the matters in demand should exceed forty dollars, the rule in that case required the said report to be returned

Lazell v. Houghton.

to the county court then, " next to be held at St. Albans, within and for the county of Franklin, on the second Tuesday of September, A. D. 1858."

It appears from the report that the referee was attended by the parties, on due notice of the time and place of hearing, on the 5th day of August, 1858, and that "by the agreement of the parties, the " (hearing of the) " cause was continued until the 10th day of September" (then) " next," at an hour and place named, " and the rule enlarged ;" and that, at the last mentioned time and place, " the parties again with their counsel appeared, and the cause, by request of said Houghton, the defendant, was again continued to the 18th day of November, 1858," on certain terms, and, " the rule was then enlarged ;" and that, at the time to which the cause was so continued as last mentioned, the parties again appeared with their counsel, the plaintiff submitted his account against the defendant, the parties introduced their respective proofs, a full hearing was held in the matter so submitted, and the said referee, at the then next term of the county court within and for the county of Franklin, which was held on the second Tuesday of April, A. D. 1859, returned his special report thereon in favor of the plaintiff. On the filing of said report in the county court, the defendant filed his objection to the acceptance of the same, but the report was accepted, and judgment was' rendered thereon by the county court, in favor of the plaintiff against the defendant for the amount allowed by the referee, with the costs before the referee, and also the costs before the justice, amounting in the whole to fifty dollars and ninety-seven cents, together with the costs in the county court. The defendant' excepted to the decision of the county court in accepting the report and allowing costs.

One of the objections of the defendant to the acceptance of the report of the referee was that the referee did not conform to the rule of reference as to the time, place and manner of making his report, and this objection being equivalent to a denial of the regularity or legality of the proceedings of the referee and also of the subsequent action of the county court, is in the nature of a plea to the jurisdiction assumed in this case, and ought therefore to be first considered. The statute (Comp. Stat., p. 237, sec. 65

to 67,) provides that "the referee shall conform to the rule of reference as to the time, place and manner of making his report, and that the report of the referee, *when made pursuant to such rule*, and returned to such county court or justice, shall be final and conclusive between the parties in the matter submitted, and judgment may be rendered by such court or justice, and execution issued thereon, including costs, for the party recovering." The statute contemplates a judicial proceeding, upon which a judgment is to be rendered. It is apparent, on referring to the rule of reference issued by the justice in this case, that the power of the referee to make and return his report was limited to the 7th day of August, A. D. 1858, in case it was to be returned to the justice, and to the then next term of the county court of the county of Franklin, then next to be held on the second Tuesday of September, 1858, in case it was to be returned to the county court. A submission to a reference is always the voluntary act of the parties, and the rule of reference when made, determines the extent of the powers of the referee. "Every enlargement of the rule is in effect a new reference, and requires the same assent of the parties as is required to make the submission in the first instance;" *Rice* v. *Clark*, 8 Vt. 104, per WILLIAMS, Ch. J. The rule of reference in this case implies, by necessary intendment, that the hearing before the referee should have been held on or before the 7th day of August, 1858, that being the day to which the justice's court stood adjourned for the purpose of receiving his report, and that in case of making the report to the county court, it should have been made at the September term next following; but it appears from the referee's report that the hearing before him was not had until the 18th day of November, 1858, and it also appears that the report which was made to the county court, was not made until the then next term thereof, which was begun and held on the second Tuesday of April next following. The report of the referee contains a statement that on each of the two occasions when the hearing before him was continued, the rule of reference was enlarged, and that the first of said continuances was upon the agreement of the parties, and the other upon the motion of the defendant; but there is no evidence in the case, except this statement of the referee, to show that the rule

Lazell *v*. Houghton.

of reference was at any time enlarged. It is claimed on the part of the plaintiff, not only that the rule of reference was properly enlarged, so as to authorize the subsequent proceedings of the referee, but that the referee's statement of that fact in his report is the proper evidence to establish the fact. As the consent of the parties and the action of the justice thereon were each essential to the making of the rule of reference originally, so, in our judgment, any enlargement of the rule would necessarily require some action on the part of the justice, as well as the consent of the parties. An arbitration would require nothing more than the consent of the parties uniting in the submission, but there is a well defined distinction between a mere arbitration and a reference under the statute, which is a judicial proceeding. The referee could not extend or enlarge his own authority any more than he could create it originally, and the evidence that the rule of reference was properly enlarged ought, as we think, to appear independently of any statement contained in his report, and should accompany the report when it is returned. The power of the referee is derived from a rule of reference properly issued, and as every enlargement of the rule is in effect a new reference, it should be authenticated by a record or certificate to be made by the justice who issued the rule in the first instance. There is no such record or certificate of the enlargement of the rule in this case. The rule of reference is the foundation for the report and subsequent proceedings, and the authority and power of the referee is to be looked for in the rule and not in his report. A judgment can be rendered on the report of a referee only when it appears that the report was made pursuant to the rule of reference. In this case, there is no proper evidence that the rule of reference was enlarged, and although the acquiescence of the defendant in the proceedings before the referee would not entitle this objection to favor as coming from him, yet we regard the objection as being well founded, and our judgment must be controlled by its legal effect. We cannot convert a mere arbitration into a judicial proceeding. The proceeding in a reference with knowledge that the time for making the report has not been duly enlarged, may be evidence of a parol submission on the terms of the original submission, and the award in such case may be good,

Lazell *v.* Houghton.

although it could not be enforced by a judgment; but in that case the referee would become a mere arbitrator, and his power would be derived wholly from the consent of the parties; *Reade* v. *Dutton*, 2 Mees. & W. 69; *Hallett* v. *Hallett.* 5 Mees. & W. 25; 2 Archb. Pr. (9th Ed.) 1555.

The conclusions to which we have been led upon this objection render the consideration of other objections to the allowance of this report entirely unnecessary. The judgment of the county court accepting the report is reversed, and judgment is to be entered that the proceedings be dismissed, and that the defendant Houghton be allowed his costs in the county court and also in this court.