## M. G. JEFFERS *vs.* L. D. HAZEN.

May Term, 1897.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson and Thompson, JJ.

*Revocation of Reference.*

When a reference has been agreed upon and made a rule of court, it cannot be revoked by a party until the time for making the report has expired, but when the time has elapsed without a report being made, either party may discharge the rule.

Before the present statute requiring referees to report to the next term "after the hearing before them is closed," it was the rule that the report should be made to the next term after their appointment, and the present reference having been made under that rule was legally revoked for want of a report although the hearing had not been closed.

Assumpsit. Rule of reference discharged at the March Term, 1897, Essex County, *Start*, J., presiding. The defendant excepted.

*Bates & May* for the defendant.

The reference was not revocable except for legal cause. *Knapp* v. *Fisher*, 49 Vt. 94.

Though the parties select the referee, the court appoints him, and the court should not discharge its rule without cause. *Haskell* v. *Whitney*, 12 Mass. 47; *Dexter* v. *Young*, 40 N. H. 130; *Ferris* v. *Munn*, 22 N. J. Law 161.

*Harry Blodgett* and *W. P. Stafford* for the plaintiff.

Attention is called to Rev. Stat. (1839) p. 162, §§ 21 and 22, which became R. L. 985 and 986; Acts of 1884, No. 129; V. S. 1437, 1438 and 1439; ·also to the following cases construing the statute: *Rice* v. *Clark*, 8 Vt. 104; *Baxter* v. *Thompson*, 25 Vt. 505; *Cook* v. *Carpenter*, 34 Vt. 121; *Lazell* v. *Houghton*, 32 Vt. 579.

Taft, J. This cause was referred at the March Term, 1892, and continued from term to term until the September

term, 1895, when an order was entered that the plaintiff should procure a report at the next term or become non-suit. Hearings were had between that term and the March Term, 1896, but without fault of either party, were not closed, and the case was continued at the March and September Terms, 1896. At the March Term, 1897, no report having been made, the plaintiff was permitted to revoke the order of reference, the court ruling as a matter of law that he had the right to do so. Whether this ruling is erroneous is the only question in the case before us.

The county court may by agreement of parties appoint a reference in any cause pending therein. V. S. § 1437. After a reference has been agreed upon and become a rule of court a party cannot revoke the reference and discharge the rule until the time for making the report has expired. But when such time has elapsed, and no report made, a party is not compelled to submit to a new reference and may discharge the rule if he so desires.

At the time this reference was agreed upon, no time was specified in the statute when the report should be made, but it was always treated and the rule issued as though the report must be made at the next term of court. The cases in our reports involving this question are in accord with that rule. In *Rice* v. *Clark*, 8 Vt. 104, it was held "The court have no power without consent of parties to enlarge a rule of reference." In that case no report had been made by the referee, and it was held that it required the consent of both parties to enlarge the rule. In *Baxter* v. *Thompson*, 25 Vt. 505, a report had been made and a motion to discharge the rule was denied and judgment entered on the report. In *Lazell* v. *Houghton*, 32 Vt. 579, the referees continued the hearing before them past the term when they were required to make a report, but the party appeared before them, and the cause was fully heard, and the referees reported that the rule of reference was enlarged, but the defendant objecting to the acceptance of the report, the

court said, "although the acquiescence of the defendant in the proceedings before the referees would not entitle this objection to favor as coming from him, yet we regard the objection as being well founded, and our judgment must be controlled by its legal effect." In fact they put the proceedings before the referees after the first term of court upon the ground that they were merely arbitrators and derived their power from the consent of the parties, and that any rule in such a case, while it might be good between them, could not be enforced by judgment.

In *Knapp* v. *Fisher*, 49 Vt. 94, the referees were appointed at the December Term, 1874, of the county court and filed their report at the succeeding term. The attempt to revoke the reference was made during the term, and before the report was filed, but the report was filed afterwards, and before the term closed, and it was held that the reference could not be revoked and judgment was rendered upon the report.

In the case at bar, the referee not having made his report at the term when by the rule he was required so to do, the party had the right to have the rule discharged. The action of the court below was correct.

Since the rule in this cause was issued, by an amendment of the statute, taking effect in August, 1895, referees are required to make their report to the next term of court "after hearing before them is closed." What effect this statute may have upon a case like the one at bar we do not consider, as the case before us should be governed by the law as existing at the time the reference was made. From the record before us it does not expressly appear what the terms of the rule were but we infer that it was issued in accord with the law and practice as it then was.

*Judgment affirmed and cause remanded.*