ROSCOE C. SANDERS *vs.* ROCHESTER FIRE DISTRICT No. 1.

May Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

*V. S. 1437, 1438, 1439—Right to Revoke Reference.*

A reference made under V. S. 1437 cannot be revoked without consent of court.

ASSUMPSIT. The cause was referred, with consent of parties, at the September Term, 1896, Rutland County. At the September Term, 1897, *Munson*, J., presiding, the plaintiff moved a revocation of the order of reference. The motion was overruled, and the plaintiff excepted.

*G. E. Lawrence* and *Stewart & Wilds* for the plaintiff.

The plaintiff had the right to revoke as a matter of law. *Jeffers* v. *Hazen*, 69 Vt. 456; *Lazell* v. *Houghton*, 32 Vt. 579; *Rice* v. *Clark*, 8 Vt. 104.

The revision of 1894 was not intended to change the law in this respect. R. L. 985, 986; V. S. 1437—1439; 1884 No. 129 § 1;. report of Revision Com. 1894; *Clapham* v. *Higham*, 1 Bing. 87.

*E. H. Edgerton* and *Hunton & Stickney* for the defendant.

There was no right to revoke. The reference was not an arbitration, merely, but an order of court. *Haggett* v. *Welch*, 1 Sim. 136; *Green* v. *Pole*, 6 Bing. 443; *Milne* v. *Gratrix*, 7 East 283; St. 3 and 4 Wm. IV. c. 42 § 39; *Bray* v. *English*, 1 Conn. 498; *Re Powers' Est.*, 65 Vt. 399; *Jeffers* v. *Hazen*, 69 Vt. 456.

TYLER, J. As this case was one in which the parties were entitled to a trial by jury, the court could not have made an order of reference without their consent; but after the order was made it stood and was to be regarded as any other

order, judgment or decree of the court made with legal authority. The order was not revocable under the present statute until the next term of the court after the hearing had closed and the failure of the referee to make a report, or, having made one it was not accepted by the court. The motion was properly denied.   V. S. 1437, 1438, 1439. *Jeffers* v. *Hazen*, 69 Vt. 456.

*Judgment affirmed.*