## James Berry *vs.* Jacob Sands.

*Submission—report under—when returnable.*

A report of referees made under a statute submission stipulating that the report shall be made to the January term, 1871, cannot be made to and accepted at the January term, 1872, although the parties, on Jan. 26, 1871, indorsed upon the submission that 'in case the court should adjourn before the referees should make up their report, when it is made up, it is to be entered on the docket at the term at which it is made returnable.'

On exceptions.

Report of referees under a statute submission.

The submission, made and executed Dec. 5, 1870, stipulated that judgment rendered on their report, or that of a majority of them, made to the supreme judicial court, within and for the county of Cumberland, next to be held at Portland, on the second Tuesday of January, A. D. 1871, shall be final, and bore the following indorsement:

'In case the court should adjourn before the referees make up their report, when it is made up, it is to be entered on the docket of the term at which it is made returnable.

Jan. 26, 1871.                                    JAMES BERRY.

    Attest:                                    JACOB SANDS.

AMHERST WHITMORE,      By HENRY ORR, at their request.'

S. A. PERKINS.

It was admitted that Henry Orr was authorized by the parties to sign the indorsement, which was written and signed in their presence.

The report was returned to the January term, 1872, of this court for this county, and filed on the sixth day.

The acceptance of the award was contested upon the ground that the award not having been returned to the term of the court named in the original submission, as required by the statute, was invalid, and of no effect; that the court had no jurisdiction in the premises; that the written memorandum upon the award, signed by the parties, was invalid, and not binding upon the parties thereto; and that said memorandum does not authorize and render legal the return of said award at the January term of the supreme judicial court, A. D. 1872.

The presiding judge overruled the objection, *pro forma*, and ordered the acceptance of the award. Thereupon Jacob Sands alleged exceptions.

*Bion Bradbury & A. W. Bradbury* for Sands, cited *Sargent* v. *Hamden*, 29 Maine, 70; *Abbott* v. *Dexter*, 6 Cush. 108; *Burghart* v. *Owen*, 13 Gray, 300; *Franklin Mining Co.* v. *Pratt*, 101 Mass. 359; R. S. of 1857, c. 108, §§ 1, 3, 4, 9.

*N. Webb*, for James Berry.

By R. S., 1857, c. 108, § 1, the formalities of the submission are prescribed. Sect. 3 confers on parties the right to modify the form set out in § 1, in the respect of the time when the report is to be made. These two sections contain all the requirements of the statute as to the form of submission.

Sect. 9 confers authority on the parties to vary the time limited in the submission for making the report to the court. This authority is not the same as that in § 3. The one contemplates the naming in the submission the time for the report to be made; the other is an authority to depart from the time limited in the submission.

Sect. 3 requires the parties to indicate in the submission the time believed to be sufficient for a hearing, determination, and report.

Sect. 9 provides against the failure of the whole proceeding, and the making of useless expense, by any unforeseen delay, either in the readiness of referees to attend, the preparation of parties, the attendance of witnesses, or the duration of the hearing, and the consultations of the referees. While affording the parties this protection, it does not prescribe any formalities to be observed by them, as a condition. They have only to agree.

The case shows a submission with all due formality under the statute. No objection is made to anything in the proceedings, except the time when the report was returned to the court.

But the case shows a varying of the time for such return, by the agreement of parties, which is justified by R. S., 1857, c. 108, § 9.

By that agreement the report when made up was to be entered on the docket of the term at which it is made returnable.

This must be interpreted to be an agreement to vary the time, so as to have the report made to the court whenever prepared.

The report was finally made up addressed to the January term, 1872, and was returned at that term, and then entered on the docket.

This was a full compliance with all the requirements of the statute in force when the submission was made, and which determined the rights of the parties.

These rights are not impaired by the repeal of c. 108 of R. S., 1857, in the general repealing act of March 24, 1870, since by § 2 of that act all rights and remedies are expressly saved.

Berry *v.* Sands.

APPLETON, C. J.    On Dec. 5, 1870, the parties to this litigation entered into a statute submission to certain referees therein named, in and by which it was provided that 'judgment rendered on their report or that of a majority of them, made to the supreme judicial court within and for the county of Cumberland, next to be holden at Portland on the second Tuesday of January, 1871, shall be final.'

The report of the referees, dated Jan. 8, 1872, was returned to the January term, A. D. 1872, of the supreme judicial court for the county of Cumberland, and filed on the sixth day of said term.

The jurisdiction of this court over awards under a statute submission, is created entirely by statute and can only be exercised in conformity with its provisions.  *Sargent* v. *Hampden*, 29 Maine, 70 ; *Franklin Mining Co.* v. *Pratt*, 101, Mass. 359.

The award not having been returned to court within the time limited in the submission cannot legally be accepted at a term subsequent thereto.

To avoid the effect of this and to authorize the acceptance of the report, reliance is placed upon the following agreement, which was indorsed upon the submission but was not acknowledged.

'In case the court should adjourn before the referees should make up their report, when it is made up, it is to be entered on the docket of the term at which it is made returnable.

JAMES BERRY.

Jan. 26, 1871.                          JACOB SANDS.

By HARRY ORR, at their request.'

By R. S. 1857, c. 108, § 3, 'The parties may agree when the report shall be made and, in that respect, vary the form without being confined to one year.'

By § 9, 'The report shall be made to the supreme judicial court within the time limited in the submission unless varied by the parties.

It would seem from the memorandum of Jan. 26, 1871, that the court, to which the report was returnable, was then in session and

might adjourn before the award should be completed. To avoid this difficulty, it was agreed, in case the court should adjourn before the award was ready, that it might be returned to the clerk, who was thus authorized to enter it on the docket of January, 1871, to which, by the submission, the return was to be made. But this was not done. As the report was not offered within the terms of this agreement, it is not necessary to determine whether the parties could legally give such authority to the clerk.

If this is not the true construction of the agreement referred to, still the same result must follow. The agreement is not one to vary the return day of the award to January, 1872, or to any other time. The statute requires a definite time when the report should be made, or a limited time within which it should be returned. But here there is no definite time fixed, and no time limited within which a report was to be made. The report might as well have been made ten years after the agreement as one year.

*Exceptions sustained.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.