## Quick v. Cox et al.

1. **Practice :** EXCEPTIONS: REFEREE. Error cannot be assigned for the overruling of a motion to set aside the report of a referee, on the ground of incompetency, when no exceptions were taken at the time the report was rendered.

2. ———: REFEREE: AFFIDAVIT. Where the report of a referee was not accompanied by the statutory affidavit, the court properly permitted an amendment to the report, showing by the affidavit of the clerk that the referee had been duly sworn.

*Appeal from Mahaska District Court.*

THURSDAY, JUNE 18.

THIS is a suit in equity, instituted by the plaintiff to obtain an accounting and settlement of a partnership business between himself, and the defendant, Isaac Cox. After the making up of the issues, the cause was referred to M. T. Williams, Esq., as referee, to take the testimony and to state an account between

the parties. On the 17th day of February, 1873, the referee filed his report, upon which the court rendered a decree from which the defendant Cox appeals.

*Z. T. Fisher* and *John F. Lacey*, for appellant.

*Seevers & Cutts*, for appellee.

MILLER, CH. J.—I. The first objection urged in argument by appellant is that the court should have sustained his motion to set aside the report of the referee, on the alleged ground that "the referee was not sworn according to law." The record shows that the plaintiff moved to confirm the report of the referee, and defendant moved to set it aside. The former was sustained, the latter overruled, and judgment rendered on the report. It does not appear from the abstract of appellant or from the additional abstract that any exception whatever was taken to these rulings.

If, however, proper exceptions had been taken we think the record shows no error in this respect. Appellant's additional abstract shows that at the time the referee filed his report, no affidavit by him had been made and filed as required by law, and the court ordered the report amended and permitted the filing of the affidavit of the clerk, setting forth the fact that the referee had been duly sworn. Whereupon the referee on the 17th day of February, attached thereto an affidavit, and the clerk appended thereto a certificate:

\*  \*  \*  \*  \*  \* "that on or about the 1st of September, 1871, the above named M. T. Williams personally appeared before me as clerk, and was by me sworn in as referee in the above cause, and that the foregoing is in substance a copy of said affidavit as such referee."

(Signed.) C. P. SEARLE, *Clerk.*

This affidavit of the referee and certificate of the clerk being filed, and on the same day of the report of the referee, judgment was rendered on the report. There is nothing in the record to show that any objection whatever was made to this evidence, either as to its form or substance, and whether it

would have been competent if objected to, to show that the referee had been duly and properly sworn before proceeding to the hearing of the cause, its competency cannot now be questioned, no objection having been made thereto at the time and no exceptions having been taken to its reception, or to the ruling of the court thereon.

II. We are asked to reverse the decree of the District Court upon the evidence, the action being in equity and triable *de novo* in this court. We have carefully examined the evidence, and attentively read the various able and exhaustive arguments of counsel on both sides, and are of opinion that the decree of the court below must be affirmed. No useful purpose would be accomplished by a detailed discussion of the evidence, which is quite voluminous and circumstantial, and embodying long accounts of the dealings of the parties. We content ourselves therefore with a statement of our conclusions merely. The appellant claims that the report of the referee charges him with certain items for which he is not properly chargeable under the evidence, and that it fails to give him credit with amounts to which he is entitled. In a word, that the accounts as stated by the referee, award to plaintiff a greater amount than is justly his due under the evidence. After an examination of the evidence in respect to each of the contested items we are satisfied with the finding of the referee, that the evidence sustains his findings throughout. Thus holding, the decree must be

AFFIRMED.