## SHINDLER v. LUKE.

1. **Practice:** REFEREE: CONTINUANCE. Where, upon a trial before a referee, one of the parties asked for a continuance on the ground that, although the time for taking testimony had expired, yet a deposition had not arrived, for the taking of which the commission had issued in due time; *Held* that, upon a proper showing, this would be sufficient ground for continuance, but that, the affidavit therefor not being verified, the motion was properly overruled.

2. ———: ———: AFFIDAVIT. A referee's report reciting that he was duly sworn before proceeding to discharge his duties, the failure to file with his report the affidavit required by statute is not a fatal objection to it.

3. ———: ———: CONCLUSION OF LAW. Where, by the terms of the submission, the referee was only empowered to find the facts, and, notwithstanding this, he also returned his conclusions of law, and the court rendered judgment on his report, it was *held* that prejudice must be shown by the act of the referee to invalidate the report.

### *Appeal from Warren Circuit Court.*

### WEDNESDAY, APRIL 19.

ACTION to settle and adjust a partnership. By consent of the parties, the cause was referred. Upon the coming in of the report of the referee, the plaintiff moved to set the same aside which motion was overruled, and on motion of the defendant the report was confirmed and judgment accordingly rendered. The plaintiff appeals and assigns as error the foregoing action of the court. The objections insisted upon by the plaintiff will be noticed in the order made.

*Bryan & Seevers* for appellant.

*Lewis Todhunter*, for appellee.

SEEVERS, CH. J.—I. It was agreed by the parties at the time the hearing was begun before the referee, on the 13th day of May, 1874, that in the event either party should desire to take any rebutting testimony, the hearing should be adjourned for that purpose, and that the

plaintiff should conclude such testimony on his part by the 10th day of June, and the defendant by the 1st day of July, 1874. On the 1st day of July the plaintiff filed an affidavit, and thereon moved the referee to continue the cause for the reason that the testimony of one George Canfield, taken in Dubuque on deposition, had not arrived. The referee in his report states that this motion was overruled, because it was not filed in accordance with the agreement and stipulation of the parties, and also for the reason it was not verified. The commission to take the deposition was sued out on the 1st day of May, and the deposition had been taken, but for some reason, although forwarded, it had not been received. Under these circumstances we incline to the opinion the motion should · have been sustained, notwithstanding the agreement; but, as it appears the affidavit was not in fact verified, the motion was properly overruled. It is claimed by counsel that no such objection was made at the time, and that the same is an afterthought on the part of the referee. It must, however, be presumed, in the absence of any showing whatever, that the matters stated in the report of the referee are correct, and we cannot accept the statements of counsel in the argument, as constituting a sufficient denial of the statements of the report.

II.   It is next objected that the referee was not sworn, and that the affidavit required by law was not returned with the report to the court. The report of the referee states "that on the 13th day of May, 1874, at 10 o'clock, A. M., at my office in the City of Indianola, in said county, after being duly sworn, I proceeded to the trial of the matters referred to me." Sec. 2826 of the Code provides "that the referee must make affidavit, well and faithfully to hear and examine the case and make a just and true report therein, according to the best of his understanding. The affidavit shall be returned with the report." No proof is adduced that the referee was not sworn, or that he did not take and subscribe the oath required by law. It is not necessary to determine what would be the rule where the report is entirely silent on this subject; but, as the report states that

the referee was "duly sworn," this must be presumed to be true, and also that he was sworn in the form and manner required by law. If the referee was not sworn, and did not take the oath required in such cases, the party so alleging should have filed affidavits in support of his position. It was the duty of each party to see that the referee took the oath and filed the affidavit required by law, and for aught that appears in this case, the plaintiff may have known, at the commencement or during the trial, all that he knew afterwards in relation to the oath taken by the referee and the filing of the affidavit, but, so knowing, took the chances of an adverse or favorable finding. He should have disproved these matters by proper and sufficient affidavits, and, failing to do so, it is questionable, at least, whether he is not now estopped from urging the claimed facts as objections to the report. Finding as we do that the referee was sworn in the manner prescribed by law, the failure to file the affidavit with the report cannot be regarded as a fatal objection thereto. That portion of the statute must be regarded as directory. No penalty is attached to its non-observance, and the only object in having the affidavit returned was to have the evidence before the court, that the referee had been sworn as prescribed by law. By no means does the Code declare that no other evidence to prove the fact can be received or considered. The referee is an officer of the court, charged by law with the performance of specific duties. So is a judge, who by law must take and subscribe a designated oath or affidavit, which is required to be filed and preserved in a certain office or place, and yet, if the judge takes the requisite oath, and enters upon the discharge of his duties, it will not be claimed, we apprehend, that his acts and judgments would be rendered void or reversed on appeal, solely for the reason that the affidavit had not been filed as required by law.

III. The remaining objection made is that under the submission, the referee was only empowered to find the facts, but 3. ——: ——: that he did this, and also made and returned his conclusions of law. conclusions of law to the court. If the conclusions of law were correct, it was clearly error without preju-

dice.    Besides this, it is only the conclusions of the court below as to the law that now concerns us; and not those of the referee, unless the plaintiff was prejudiced thereby.

The particular conclusion of the referee, objected to, was that he on the whole case found that the equities were with the defendant.    Now, it is not attempted to be shown, under the testimony which is before us, that the finding of the referee was erroneous under the evidence—but only that, under the submission, such power did not exist.    The court below was satisfied the finding was correct under the evidence, and we have no warrant to disturb such action.

AFFIRMED.