JAMES J. DAVIS v. D. W. FINNEY.

1. REFEREE; *Stipulation; Report Filed in Time.* Where a stipulation is filed by the parties that the referee shall submit his report to the district court for confirmation, before the close of the November term of the court for 1884, and the said term of court is adjourned from a day in November to January 5, 1885, and continues in session until January 30, 1885, and the report of the referee is filed December 20, 1884, such report is filed before the close of the November term for 1884, in accordance with the terms of the stipulation.

2. ———— *Report, Duly Heard.* Where a stipulation is filed by the parties that the report of the referee shall be heard and judgment rendered in vacation, and objection is subsequently made to the stipulation being carried out for want of power to render a judgment

at such time, the district court has authority to hear and dispose of the report of the referee, at the first term after the report is filed.

3. REPORT, *When Not Set Aside.* Where it appears that the party moving to set aside the report of the referee has been notified what the decision of the referee will be, and has ample opportunity thereafter to prepare and present a bill of exceptions to the referee, the report will not be set aside because such party did not have actual notice of the particular day the referee would file his report.

### *Error from Woodson District Court.*

ON August 26, 1884, *D. W. Finney* brought an action against *James J. Davis,* to recover $625.62, with interest from August 1, 1884, as a balance claimed to be due on a written contract dated February 9, 1884. Davis answered, admitting the execution of the contract, but alleged as a defense that the execution thereof had been procured through false and fraudulent representations on the part of Finney, and set up the facts and circumstances constituting the alleged fraud. Finney replied, denying all the allegations of fraud. In October, 1884, the case being at issue and for trial, the parties executed and filed the following written stipulation:

"It is hereby stipulated that said cause shall be referred to A. C. Bogle, Esq., for trial of the issues joined; and that the same shall be tried at Iola, Kansas, sometime during the November term, 1884, of the district court of Allen county; and that the report of said referee shall be made prior to the expiration of said term; and that the same shall be submitted to the court for confirmation, and judgment rendered thereon in accordance with the decision of the court by the close of said term of the Allen county court. Said judgment shall be entered as of the present term. The hearing of the application for confirmation may be before the judge at Iola. The plaintiff may amend the reply at any time within a week, and the defendant may amend within one week thereafter, if desired."

The court appointed A. C. Bogle as referee, and ordered that he make and submit his report for confirmation and judgment in accordance with the terms of the stipulation. The referee made the following report (caption omitted):

## "FINDINGS OF FACT.

"1. On the 9th day of February, 1884, plaintiff and defendant were both residents of the county of Woodson, state of Kansas.

"2. Plaintiff at said time was the owner of certain real estate situated in the county of Woodson, consisting of certain lots in the city of Neosho Falls, in said county; also a certain stock of hardware in the said buildings in the said city of Neosho Falls.

"3. At said time, plaintiff and defendant entered into a contract and agreement in writing, a true copy of which contract is attached to defendant's answer filed in this cause as exhibit 'A,' whereby plaintiff sold to defendant his said property in the city of Neosho Falls, consisting of said lots, buildings, and stock of hardware.

"4. Defendant turned over to plaintiff a certain farm in Everett township, Woodson county, Kansas, and of which defendant was at that time the owner, as part payment for said property of plaintiff, and agreed and contracted to pay plaintiff the further sum of $3,760, at the time specified in the said contract referred to in finding 3.

"5. Said contract was entered into after mature deliberation, and with a full knowledge of all the facts in regard thereto, and without any willful misrepresentations or attempts to deceive, cheat, or defraud, on the part of either of the parties hereto.

"6. At the time of the commencement of this suit, the defendant was indebted to the plaintiff on said contract the sum of $625."

### CONCLUSION OF LAW.

"Plaintiff is entitled to judgment against defendant in the sum of $625, with interest from the 26th day of August, 1884, and costs of suit."

On December 19th, 1884, the district judge, while holding court in Neosho county, heard the motion filed by Finney to approve the report of the referee. Finney appeared by H. D. Dickson, his attorney, Davis not appearing. Thereon the court confirmed the findings of fact and conclusion of law of the referee, and rendered judgment in accordance therewith, in favor of Finney and against Davis. This judgment was entered on the journal of the district court of Woodson county

as of October 21, 1884, according to the stipulation of the parties filed in the case. On December 16, 1884, being prior to the hearing of the motion to confirm the report of the referee, Pickett & Smith, attorneys for Davis, acknowledged receipt of notice that on December 19, 1884, the attorneys of Finney would make a motion before the district judge to confirm the referee's report. In January, 1885, Davis filed his motion to vacate the judgment and set aside the report of the referee, for various grounds therein alleged. This motion was heard by the district court on March 11, 1885. Finney appeared by Slavens & Dickson, his attorneys, and the defendant then appeared by Knight & Foust, his attorneys. After consideration of the testimony and arguments of counsel, it was found by the court that the judgment rendered in the action was, by virtue of the stipulation filed in the cause, entered during the vacation of the court, and therefore the court ordered such judgment to be vacated and set aside. The court however found that the trial before the referee was had in pursuance of the stipulation between the parties, with all parties present and assenting thereto, during the November term of the district court of Allen county for 1884, the trial before the referee commencing November 11, 1884. The court further found that the November term, 1884, of the district court of Allen county was adjourned to January 5, 1885, at which time it again convened, and did not finally adjourn until January 30, 1885; that the report of the referee was duly made before the expiration of said term of court, according to the stipulation of the parties in the case, and filed in the office of the clerk of the district court of Woodson county on December 20, 1884. Thereupon the motion to set aside the report and findings of the referee was overruled, the report of the referee was confirmed, and judgment was rendered in favor of the plaintiff and against the defendant for the sum of $625, together with costs taxed at $66.80, and also the sum of $100 was allowed as compensation to the referee. The defendant excepted to the ruling, orders and judgment of the court, and brings the case here.

*Knight & Foust,* for plaintiff in error.

*W. H. Slavens,* and *H. D. Dickson,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.:    It is claimed that the district court erred in overruling the motion to set aside the report of the referee and grant a new trial, for the following reasons:    (1) That if the Allen county district court for the November term, 1884, expired November 18, (and that, it is urged, was the plain intent and purpose of the stipulation,) then the filing of the report by the referee subsequently was a mere nullity, being unauthorized and therefore void;    (2) That if the Allen county district court extended to and included January 30, 1885, any attempt on the part of the court to confirm the report or render judgment after that date, was unauthorized by the stipulation, which required not only that the report be submitted for confirmation, but also that judgment be rendered thereon, before the close of the Allen county district court;    (3) That the referee, by failing to give notice to the plaintiff in error of the time when he would file his report, prevented him from having any opportunity to prepare and present a bill of exceptions.

The written stipulation of the parties provided that the report of the referee should be made prior to the expiration of the November term of the district court of Allen county for 1884.    The court continued to January 30, 1885.    The report was made prior to that day.    The judgment was entered in the journal of the district court of Woodson county as of October 21, 1884.    The stipulation, therefore, in this respect, was fully complied with.    The adjournment of the November term of the court for 1884, to January 5, 1885, was a continuation of the November term to that time, and such term did not expire until January 30, 1885.    We can find no statement in the record that all of the evidence presented upon the hearing is embraced therein, and therefore

we must presume ·that the findings of the trial court were · made upon sufficient testimony.

Under the stipulation of the parties, the application for confirmation was heard in vacation, before the judge at Iola. It was supposed that, by having the judgment entered as if rendered at the October term of the district court for Woodson county for 1884, no objection would be made on account of its rendition in vacation. Plaintiff below complied with his part of the stipulation, and the judgment rendered in vacation was set aside upon the application of the defendant below. He is now complaining, and alleges that because the judgment was not rendered before the expiration of the Allen county court, the court had no power to render the judgment at any subsequent time. Even if the part of the stipulation providing for the rendering of the judgment in vacation is invalid, still the district court had the power to hear and dispose of the report of the referee, in term-time. The report of the referee was confirmed at the March term, 1885, of the court for Woodson county, and judgment rendered at that term. This was the first term of the district court for Woodson county, after the filing of the stipulation for the reference of the case. The terms of the district court for Woodson county commence as follows: The first Monday in March, the first Monday in June, and the second Monday in October, in each year.

We cannot perceive that the failure of the referee to give notice to the parties of the time he would file his report was in this case in any way prejudicial. On December 16, 1884, Messrs. Pickett & Smith, then attorneys for the plaintiff in error, accepted notice of the hearing of the motion confirm to the report of the referee before the district judge, on December 19, 1884; but the report of the referee was not filed with the clerk of the district court of Woodson county until December 20, 1884. Undoubtedly Messrs. Pickett & Smith could have examined the report before December 19, and prepared a bill of exceptions therefrom. Messrs. Knight & Foust were notified by the referee, about December 10, 1884, of the pur-

port of his report; and that the same, with the evidence, exhibits, etc., had been forwarded to the district judge. This was ten days before the report of the referee was filed, and several days before the hearing of the report. The district judge informed these attorneys that he had the report, papers, etc., at Erie, where they could see them; therefore Messrs. Knight & Foust had several days in which to go to Erie, and prepare a bill of exceptions.

There is no showing in the record that Knight & Foust appeared before the district judge on December 19, 1884, at the hour named in the notice for the hearing of the motion, to confirm the report. The record recites that the plaintiff below "appeared by H. D. Dickson, his attorney, the defendant below not appearing." The record further recites, that the defendant below "had been duly notified of the time and place of the hearing of the motion." It would seem that Knight & Foust did not reach Erie on December 19th until the hearing upon the report of the referee had been acted upon. Again, when the motion to set aside the report of the referee was overruled, on March 11, 1885, the attorneys for plaintiff in error might have made their motion for a new reference of the case. This was not done.

There are other matters presented in the briefs, but upon the record before us we think comment not necessary.

The judgment of the district court will be affirmed.

All the Justices concurring.