J. C. McCONKEY, Appellant, v. EDMUND PENDLETON,
Executor of the Estate of HENRY RIDING, deceased,
Appellee.

Reference of causes: APPOINTMENT AND QUALIFICATION OF REFEREE:
1  STATUTES. The provisions of the statutes relating to the appoint-
ment, acceptance and qualification of a referee appointed by the
court to try and report a cause are directory only, and do not
go to his power to act as referee. And the error of failing to
sign his report may be cured by afterward affixing his signa-
ture and refiling the report.

**Same:**  TIME FOR FILING REPORT.  The general rule is that a referee should file his report at the next succeeding term, in the absence of an order of court fixing the time for filing the same; but the time may be extended by agreement: Thus where the court in the order of appointment fixed no time for the referee to report, and the parties stipulated that he should make and file his report as of the last day of a certain term, and that the same should be submitted in vacation if the court was not in session and decree entered as of that term, he was authorized to file his report at any time during that term and until the commencement of the succeeding term; but upon his failure to so file the report he lost jurisdiction of the case.

**Same:**  WAIVER OF FAILURE TO FILE REPORT: ESTOPPEL.  Exceptions to the first report of a referee and motions to set it aside, filed a short time before moving to strike out the report, were not a waiver of the referee's failure to file a second report within the proper time, where the motion to strike was made as soon as counsel learned of the filing of the second report.

**Same.**  Ordinarily there can be no estoppel to assert that a referee's report was not filed in time.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHINSON, Judge.

TUESDAY, OCTOBER 22, 1912.

THIS is an appeal from a ruling of the trial court overruling plaintiff's objections and exceptions to, and motion to strike the report of a referee, and from a finding approving the report and ordering judgment for the plaintiff in the sum of $260.55.—*Reversed* and *remanded.*

*Edwin J. Stason,* for appellant.

*Pendleton & Wakefield,* for appellee.

DEEMER, J.—The original action was brought by plaintiff against Henry Riding, now deceased, asking for an accounting. Defendant pleaded settlements, and denied any indebtedness to the plaintiff. After the issues were

made up and on December 13, 1909, one C. C. Hamilton was appointed referee to report his findings of fact and conclusions of law. The case went to a hearing before the referee, and on June 31, 1910, it was stipulated that the case should be submitted on briefs, arguments, etc., on July 11, 1910, and that he should make his report on the last day of May, 1910, term of court. On July 1st it was further stipulated that the case might be submitted to the court in vacation and judgment entered as of the last day of the May, 1910 term. On December 8, 1910, what purported to be a report of the referee was filed, but this was unsigned. In this report was the following recommendation: "I find that plaintiff is entitled to recover from the defendant the sum of $230.55." On December 13, 1910, objections were filed to this report by the plaintiff because the referee failed to find any conclusions of law, and failed to certify and return the evidence before him. On the 14th of the same month plaintiff moved to strike the report because (1) the referee was not called upon to accept the appointment and the record shows no acceptance; (2) because he did not make the affidavit required by section 3745 of the Code, and no affidavit was ever filed with the clerk; (3) the report was filed too late and after the authority of the referee had terminated; (4) no time was fixed by the court for the report; (5) the report was not made in time; (6) the report was insufficient and inaccurate. On January 12, 1911, the referee filed another report identical with the first, accompanied by this statement:

I was not present in the courtroom when the appointment was made, but soon afterwards, and on the same day Judge Hutchinson notified me that the parties had consented to my appointment. I informed him that I would accept the appointment and act as referee. I conferred with the attorneys and with the plaintiff with reference to the time for taking testimony, and by agreement the first testimony was taken on behalf of the plaintiff December

28, 1909. Adjournments were taken from time to time, and the testimony was concluded on April 10, 1910. Shortly, thereafter, I left Sioux City, and was gone till May 20, 1910. I furnished a transcript of the testimony to the parties about June 30, 1910. Thereafter the attorneys filed their briefs, and 'I made a finding of fact and filed the same with the clerk . . . on the 8th day of December, 1910, as shown by the filing marks on the report. Through inadvertance I failed to sign the said report although a blank space was left therefor. . . . I furnished to the plaintiff and to the attorneys for the defendant a copy of said report. On this date, January 12, 1911, at the request of the attorneys for the defendant, I have signed and filed said report. I have also this day filed the transcript of the evidence, and also the shorthand notes of the evidence taken therein. I further depose, and say that, before taking any of the testimony in said cause, Mr. E. J. Stason, attorney for plaintiff, asked me if I had filed my affidavit as referee, and I told him I had not. Thereupon Mr. Stason administered to me the oath of referee, said E. J. Stason being a notary public.'

As soon as plaintiff's counsel learned of this, he filed a motion to strike the report and the accompanying affidavit. On January 5, 1911, Riding died, and no substitution was made until April 14, 1911. The case on these motions was submitted on April 14, 1911, and on May 20th the trial court made an order overruling each and all of plaintiff's motions, and all exceptions were also overruled, and judgment was entered against the administrator of Riding's estate for the sum of $260.55, being $30 more than the amount recommended by the referee. Plaintiff appeals from all these orders and from the judgment.

The relevant sections of the Code bearing upon this appeal are as follows: "The referee shall stand in the place of the court, and shall have the same power so far as necessary to discharge his duty." Code, section 3738. "The report of the referee on the whole issue must state the facts thus found and the conclusions of law separately, and

shall stand as the finding of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court; the report may be excepted to and reviewed in like manner." Code, section 3740. "When the reference is to report the facts, the report shall have the effect of a special verdict." Code, section 3741. "The referee must make affidavit well and faithfully to hear and examine the case, and make a just and true report therein, according to the best of his understanding. The affidavit shall be returned with the report, filed by the clerk, and be a part of the record." Code, section 3745. "The order shall not be made until the case is at issue as to the parties whose rights are to be examined on the reference. The order may direct when the referee shall proceed to a hearing, and when he shall make his report, but, in the absence of such direction, he shall do so on the morning of the tenth day after the day on which the order or reference was made, and shall file his report as soon as done. The parties shall take notice of the time thus fixed or determined and non-attendance of either party within an hour thereof shall be attended with like consequences as if the case were in court, which consequences shall be reported as any other fact or finding of the referee." Code, section 3746. "The referee must be called on by the court to accept or refuse the appointment, and his acceptance shall be entered of record: and he shall be under the control of the court, who may on the motion of either party make proper orders with a view to his proceeding with all due dispatch, and the court or judge may, on motion extend the time for making his report." Code, section 3747.

The main points for a reversal are: (1) The referee was not called upon to accept the appointment, and his appointment was not entered of record. (2) The referee made no affidavit, and no affidavit by him was ever filed with the clerk. (3) The report of the referee was not signed by him. (4) The referee did not report his findings of

fact and conclusions of law separately. (5) The referee had no jurisdiction to act and the report filed in January of the year 1911 was too late.

The record shows that the referee did accept the appointment, and, although his acceptance was not entered of record at the time it was given, it was recognized in a stipulation filed by the parties and an order of court made July 1, 1910. An oath was in fact administered to the referee, although it seems no affidavit was ever filed by him in the district court.

1. REFERENCE OF CAUSES: appointment and qualification of referee: statutes.

The first report was not signed by the referee, but this was cured by adding his signature and the refiling of the same after the signature had been appended.

The provisions of the statute applicable to these omissions may well be regarded as directory only, and not as going to the power or authority of the referee to act. Indeed, such seem to be the prior holdings of this court in *Harper v. Kissick,* 52 Iowa, 733; *Quick v. Cox,* 38 Iowa, 568; *Shindler v. Luke,* 43 Iowa, 89; *Sears v. Sellew,* 28 Iowa, 501. The report should not be regarded as filed, however, until it was signed by the referee and refiled on January 12, 1911. This brings us to the only debatable proposition in the case. Was the report filed in time, and should the referee be held to have lost jurisdiction of the case?

The order appointing the referee did not fix the time for hearing, nor did it give any direction as to when the report should be made, but the parties made the following

2. SAME: time for filing report.

stipulation with reference thereto: "It is further stipulated that all briefs, arguments, evidence, and exhibits shall on the last-mentioned date be submitted to C. C. Hamilton, referee, and that he shall make and file his report as of the last day of May, 1910, term of this court; that the parties to the cause shall have five days after the date of the actual

filing of the report in which to file objections thereto and briefs and arguments, and that the report of the referee, the objections thereto, and all the briefs and arguments shall be submitted to the Hon. Wm. Hutchinson for determination of the cause in vacation, if the court be not in session, and by him determined, and, if determined by him in vacation, decree may be entered as of the May, 1910, term of this court." And on July 1, 1910, the court made and entered the following order in the case: "And now at this time, to wit, July 1, 1910, come the parties herein by their respective attorneys of record, and in open court stipulate and agree that this cause may be submitted to the court in vacation and judgment entered in vacation as of the last day of May, 1910, term of this court."

The report was not in fact filed as we think until January 12, 1911; and it is conceded that between the time of the appointment of the referee in December, 1909, and the filing of the report at least four terms of court intervened.

The last of the testimony was taken in April, 1910, and by stipulation the parties were given until the 11th of July, 1910, in which to file their arguments. This excuses any failure of the referee to act before that date. After the submission and before the actual filing of the report at least one termed intervened. Now, the stipulation says that "the referee shall make and file his report as of the last day of the May term of court; that the parties shall have five days after the actual filing of the report to file motions," etc., and that the report should be submitted to Judge Hutchinson in vacation if court be not in session and decree entered as on the last day of the May, 1910, term of court. The order made and entered of record by the trial court confirms the stipulation as to the submission in vacation. These are the only matters appearing of record with reference to the time of filing of the report. As the court fixed no time for the filing of the report, it is certain that

the referee had jurisdiction to make a report at any time during the May term of 1910, and doubtless at any time thereafter until the commencement of the next succeeding term; and, as no time was fixed in the original order, the parties might stipulate as to when the report should be made. If not made at the time so stipulated, the referee under our decisions lost jurisdiction of the matter. *Goodale v. Case,* 71 Iowa, 434; *Davis v. Caldwell,* 100 Iowa, 658; *Manning v. Nelson,* 107 Iowa, 34. These cases do not perhaps go to the extent of holding that stipulations of the parties are controlling in the absence of an order by the court; but that result logically follows, and is the holding of the courts of other states. *Davis v. Finney,* 37 Kan. 165 (14 Pac. 460); *Berry v. Sands,* 60 Me. 99.

In the absence of an order of court or stipulation of the parties, the general rule seems to be that the referee's report must be returned to and filed at the next term succeeding his appointment. *Minton v. Moore,* 4 Blackf. (Ind.) 315; *Jeffers v. Hazen,* 69 Vt. 456 (38 Atl. 86); *Southworth v. Bradford,* 5 Mass. 524; *Mott v. Anthony,* 5 Mass. 489. *Contra, Francisco v. Rowland,* 14 Mo. App. 600.

Whatever the rule here, it is apparent that plaintiff waived any default in filing occurring prior to the May, 1910, term, and doubtless a filing at any time before the commencement of the next succeeding term would have been in time under the stipulation filed. That the time may be extended by stipulation, see *Shore v. Bank,* 61 Kan. 246 (59 Pac. 263); *Powell v. Ford,* 4 Lea (Tenn.) 278. What, then, is the effect of the stipulation of the parties. It seems to us that by the use of the terms "as of the last day of the May, 1910, term" to be determined in vacation and decree entered as of the May, 1910, term of court, and judgment entered in vacation of the last day of the May, 1910 term of this "court," the parties meant that the report should be filed either during the May term or during

that period between the adjournment of the May term and the day of the beginning of the next succeeding term. Such is the interpretation put upon the word "vacation" as here used. *Warner v. Donahue,* 99 Mo. App. 37 (72 S. W. 492); *Brayman v. Whitcomb,* 134 Mass. 525; *Hadley v. Bernero,* 97 Mo. App. 314 (71 S. W. 451). Of course, it is sometimes given a broader meaning, and held to cover any time when the court is not actually in session; but such was not the intent of the parties in this case. To so hold would place no limitations upon the time for a report, save that it might be filed during any vacation, no matter how long after the submission to the referee and without reference to the number of intervening terms. When the term next succeeding the May, 1910, term began, the vacation referred to in the order of the court and the stipulation of the parties was at an end, and, as the report was not filed either during the May term or in the succeeding vacation, it was not in time, and should have been stricken under the rules of this court, unless it be found that plaintiff waived the delay or is estopped from asserting that the report was not timely.

There was no waiver or estoppel unless it should be held that, by filing exceptions to the report and motions to set it aside a few days before moving to strike it, such an estoppel should be found. These exceptions and motions were lodged against the first report filed, which we have already held insufficient. As soon as plaintiff's counsel learned of the filing of the second one with the affidavit of the referee, they moved to strike this second one for the reasons already stated. We find nothing in this which should be held to be a waiver or considered an estoppel even if an estoppel could arise from conduct in such cases.

3. SAME: waiver of failure to file report: estoppel.

Aside from this, we have held that, if the referee's report is not filed in time, there can be no estoppel. *Davis v. Caldwell,* 100 Iowa, 658; *Goodale v. Case,* 71 Iowa, 434.

4. SAME.

The trial court should have sustained the motion to strike and made an order resubmitting the case, or appointing another referee or held the case for decision on the merits. As he did not do so, but proceeded to confirm the report with a slight modification, its actions in the premises were wrong, and the case must be reversed for proceedings in harmony with this opinion. The motion to strike appellee's abstract will be overruled.—*Reversed* and *remanded.*