IN RE ESTATE OF O. C. COCHRAN.

WALTER L. COCHRAN, Executor, Appellee, v. GROVER C. COCHRAN, Objector, Appellant.

No. 42937.

34

June 21, 1935.

L. T. Shangle, for appellant.

L. E. Corlett and McCoy & McCoy, for appellee.

RICHARDS, J.—This appeal arose in a proceeding in probate. In the administration of the estate of O. C. Cochran, deceased, appellant, Grover C. Cochran, beneficiary under decedent's will, filed objections to portions of two "partial" reports of the executor. On April 16, 1934, the court entered an order as follows:

"In the matter of the estate of O. C. Cochran, deceased.

"Now on this day this cause came on for hearing and William M. Spencer is hereby appointed referee to examine the reports of the executor herein and is ordered to report to the Court thereon."

The parties seem to have construed this order in same man-

ner as if the court had included in its order a reference to the referee of the objections filed by appellant. On June 28 and 29, 1934, there was a hearing before the referee, the appellant and appellee appearing thereat. On August 24, 1934, the referee filed a report upon the objections of appellant to the executor's two reports, expressly overruling all of the objections. On August 28, 1934, the court entered an order fixing the compensation of the referee at $350, and ordering the administrator to advance same to the referee, leaving the question as to whom the fees shall be taxed to be determined upon final hearing, to all of which all parties excepted. On September 29, 1934, appellant filed motion to set aside the report, on grounds hereinafter set out. On October 5, 1934, the referee filed an amendment to his report, and the shorthand notes of the hearing. On the same day appellee filed resistance to motion to set aside report, setting up for such resistance the matters contained in the referee's amendment to his report. On October 8, appellant filed a reply to the resistance. On October 13, 1934, the matter came on for hearing by the court upon the motion to set aside the referee's report, at which time it was stipulated that appellant might then file objections to the referee's report without waiver of the motion to set aside the report. Appellant thereupon filed objections and exceptions to the referee's report, and by agreement of the parties the court then proceeded to try the issues upon the motion to set aside the report filed September 29, and the objections and exceptions to the report filed October 13. On October 22, 1934, the court entered an order in probate overruling the motion to set aside the referee's report, and overruling all objections to the referee's report, and confirming and approving the said report. As a part of the same order, the court entered judgment against appellant for the $350 referee's fees, and for all other costs of the hearing before the court and before the referee, to all of which appellant excepted.

Appellant's first assignment is that the court erred in overruling objector's motion to set aside the report of the referee and the amendment thereto. The record discloses that this motion attacked the report but not the amendment subsequently filed. Appellant did not by amendment to his motion or otherwise move to set aside or strike the amendment to the report. This status of the record confines the first assignment of error

to the question whether the court rightly overruled the motion to strike the original report filed August 24, 1934.

■■■ The appointment of the referee was pursuant to section 12041 of the 1931 Code, which, before being amended as hereinafter set out, was in the following words:

"Reference—examination of accounts. In matters of accounts of executors and administrators, the court may appoint one or more referees, who shall have the powers and perform all the duties therein of referees appointed by the court in a civil action."

Appellant's argument in support of the motion to set aside the referee's report assumes that a referee appointed under section 12041, in probate, must observe all of the provisions of procedure as contained in sections 11530 to 11535, inclusive, having to do with the appointment of referees in a civil action. Without determining whether appellant's assumption is correct, we find that even if it were, the record does not disclose error in the overruling of the motion. The grounds of the motion to set aside the report were as follows: there is no showing of record that the referee was called on by the court to accept or refuse the appointment, nor of his acceptance, and that the referee did not qualify by making affidavit to perform the duties of referee and make a true report, and that no affidavit was returned with the report or filed with the clerk or made a part of the record, and that the referee did not hold his hearings or file his report within the time required by law to do so, and that the record shows no continuances or agreements therefor, or consents thereto, and that the report and especially the amendment, filed October 5, 1934, were made after the referee's office had expired and were of no force or effect, and that the referee failed to return with the report the shorthand notes of the evidence, but filed them later. It was conceded by the parties on the trial that the referee filed no written acceptance of the appointment, nor affidavit or other form of qualification; that the appointment was on April 16, 1934; that he held no hearings until June 28 and 29, 1934, and did not file his report until August 24, 1934; and that all the records and files in this case are admitted as evidence on this motion. This stipulation is the only showing of facts in the record to establish the grounds of appellant's motion to set aside the report. Appellee claims that, under this stipulation, admit-

ting all the records and files in the case as evidence on this motion, the court properly considered the statements contained in the amendment to the referee's report, and rightly concluded that the referee had been called into court and accepted his appointment and was duly sworn, and that the hearing was continued by agreement of parties until June 28, and that by agreement of the parties the referee took the matter under advisement to report at any time convenient to him, and that the attorneys for all parties appeared and made no objections to the formalities of the appointment or qualification of the referee or any of the proceedings held by him, all of which matters were set out in the referee's amendment to report. Appellee cites Shindler v. Luke, 43 Iowa 89, wherein there was a motion to set aside a referee's report because he was not sworn and because the affidavit required by statute was not returned with the report. There was no proof, as in this case, that the referee was not sworn, and the court held that as the report states that referee was duly sworn, that this must be presumed to be true, and that he was sworn in the manner and form required by law, and also held that the portion of the statute requiring the affidavit to be filed must be regarded as directory, and the failure to file the affidavit not a fatal objection to the report. Appellant contends that the amendment to the report was filed after the term of the referee had expired and was a nullity, and for that reason should not have consideration by the court. We cannot follow appellant to his conclusion because he failed to take any steps to have the amendment stricken, if it was void as he claims, and because, it being on file without attack on his part, it was a part of the records and files in the case which, according to the record, he stipulated should be admitted as evidence on the motion, without reservation or objections to competency or other probative defects. The contents of the amendment could be accepted by the court as a negation of the facts relied on by appellant in his motion to set aside the report. He introduced no evidence aside from the stipulation in support of the alleged facts. The record in the state we find it warranted the court in overruling the motion.

Appellant assigns as error the approval by the court of the overruling by the referee of a number of objections to the executor's reports. On the hearing before the referee, the only testimony was that of the executor. Much of appellant's argu-

ment, especially as to the amounts of executor's and attorneys' fees, might have had merit had there been testimony establishing his propositions. He introduced no evidence, and from the testimony of the executor concerning the objections to his reports there seems to be sufficient showing to warrant the court in holding that the irregularities in the reports were of a nonprejudicial nature.

■■■ Appellant assigns as error the entering by the court of an order on October 24, 1934, in the estate of said decedent, directing the executor to pay the sum of $450 for services of the attorneys for the executor in the hearing on appellant's objections to the executor's reports. This order was made two days after the order approving the referee's report, and was not a part of that hearing, but was an ex parte intermediate order of the court, without notice, made on the same day the executor filed application for the order. Appellee contends that this alleged order is not reviewable on this appeal nor until a motion or other appropriate pleading has been filed and submitted in the lower court for the purpose of setting aside the order or correcting any errors therein, and with an exception taken by appellant if the action of the court be adverse. We agree with appellee's contention in that respect and hold that the order is not reviewable on this appeal.

■■■ Appellant assigns as error the taxing to him the costs of the hearings on the objections including the $350 allowed for referee's fees. The grounds assigned are that the amount allowed the referee is excessive, and that all the costs should have been taxed to the estate. Section 12041, supra, was amended by Chapter 180 of the Acts of the 45th General Assembly, this amendment providing that in counties of less than 100,000 population, the referee shall, whenever in the opinion of the court it seems fit and proper, be the clerk of the district court of the county in which the estate is being probated. We assume that one of the purposes of the legislature in enacting this amendment was to avoid, as far as possible, the appointment as referee of persons whose compensation would be a burden on the estate disproportionate to the necessities of the situation. But, assuming that the court did take into consideration the amendment mentioned, and that it was necessary to appoint an attorney as referee, we are impressed that the allowance to the referee was excessive. But two days were consumed for the hearing and

argument of counsel. The amount of time expended in preparing the report is not in evidence; but for the services on the hearing and for such expenditure of time as should reasonably have been expended in making up the report, we are of the opinion that an allowance of $175 was fully compensatory, and we think the court erred in allowing in excess of that amount.

Appellant assigns as error the taxing against appellant of the costs in the court below. The appellant having been the losing party, we find no error. See Code, section 11622. The order appealed from is modified and affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, HAMILTON, and PARSONS, JJ., concur.